**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00493

NORMAN ELIZONDO,

        Plaintiff,

v.

ACF ENTERPRISES d/b/a OPEN SKY WILDERNESS THERAPY, a Colorado limited liability corporation, and

AARON FERNANDES, an individual;

        Defendants.

**DEFENDANTS' MOTION TO MAINTAIN EXHIBITS ATTACHED TO PLAINTIFF'S COMPLAINT UNDER FILING RESTRICTIONS**

Pursuant to D.C.COLO.LCivR 7.2, Defendants ACF Enterprises d/b/a Open Sky Wilderness Therapy ("Open Sky") and Aaron Fernandes (together, "Defendants") hereby bring this motion ("Motion") to file and maintain under Level 1 filing restrictions[1] the exhibits attached to Plaintiff Norman Elizondo's ("Plaintiff") Complaint and Jury Demand ("Complaint").

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1A.** Prior to filing this Motion, counsel for Defendants conferred with Plaintiff. Plaintiff states that he opposes the relief sought in this Motion.

---

[1] Defendants removed this case from La Plata County, Colorado district court. Upon removal, Defendants filed Plaintiff's Complaint without restrictions and filed the exhibits to the Complaint under Level 1 filing restrictions, making them available only the parties and Court personnel.

## BACKGROUND AND INTRODUCTION

After a multi-day mediation in December 2022, culminating in resolution of each of the claims asserted in this litigation, Plaintiff terminated his counsel, reneged on the settlement agreement, and filed the Complaint in state court on January 31, 2023.  *See* Exhibit A to Notice of Removal, ECF No. 1.  In the Complaint, which Plaintiff's previous counsel drafted as leverage in the parties' settlement negotiations, Plaintiff alleges anti-discrimination and contract claims against his former employer, Open Sky, and its majority owner, Aaron Fernandes, arising out of Plaintiff's employment with Open Sky and his claimed interest therein.  Problematically, Plaintiff attached to the Complaint seventeen exhibits totaling approximately 143 pages that not only exceed the "short, plain statement" of his purported claims required by Fed. R. Civ. P. 8(a)(2) but also contain Open Sky's confidential business information, financial information, inadmissible settlement communications, and other matters for which there is no public interest in disclosure, particularly at this stage of the litigation.

Defendants have a significant interest in keeping these materials private and confidential.  By contrast, Plaintiff's attorney-drafted Complaint needs no elaboration.  Because the purported exhibits are wholly unnecessary for Plaintiff to plead his claim at this stage, there is little public interest in their disclosure.  Therefore, in order to preserve Open Sky's privacy interests, Defendants respectfully request that the Court maintain all of the exhibits under Level 1 filing restrictions.

## THE CLAIMS AND EXHIBITS

As alleged in the attorney-drafted Complaint, Plaintiff is a former employee of Open Sky.  Compl., ¶ 1.  Plaintiff alleges that Open Sky fired him because of his religion and perceived

disability. *Id*., ¶¶ 20-22, 29-35. In addition, Plaintiff alleges that he held a 3% profit sharing ownership interest in Open Sky. *Id*., ¶ 5. After Plaintiff's separation in November 2020, Open Sky offered Plaintiff a separation agreement containing a buyout of the interest. *Id*., ¶¶ 4, 41. Plaintiff did not sign the separation agreement. *Id*., ¶ 57. Open Sky thereafter sent Plaintiff a letter dated April 7, 2022, which Plaintiff alleges contained another attempt to "redeem" Plaintiff's "equity interest." *Id*., ¶ 44. The parties' dispute over Plaintiff's alleged equity interest involves several documents relating to the purported transfer of the Open Sky equity to Plaintiff, as well as the Open Sky Operating Agreement dated May 1, 2006. *Id*., ¶¶ 42-47.

Based on these facts, Plaintiff asserts the following claims: (1) religious discrimination; (2) disability discrimination; (3) breach of contract; (4) civil theft/ conversion/ rights in stolen property; (5) breach of the implied covenant of good faith and fair dealing. *Id*., ¶¶ 16-58. The fifth claim for relief is for "failure to engage in good faith and fair dealing," and appears to be based on the proffered 2020 separation agreement and the April 7, 2022 letter again proposing a payment for Plaintiff's equity, neither of which Plaintiff signed. Specifically, Plaintiff alleges that these two offered agreements did not contain "provisions that were made in good faith and fair dealing" and included other provisions that Elizondo deems unfair. *Id*., ¶¶ 56-58.

Exhibits 1-3, 4.1, and 5-9 to the Complaint[2] are directly referenced in the Complaint (the "Referenced Exhibits"). These exhibits consist of Plaintiff's Schedule K-1 (Exh 1), his charge of discrimination and right to sue letter from the EEOC (Exh. 2-3), an email relating to a leave of absence that preceded Plaintiff's separation from Open Sky (Exh. 4.1), the proffered separation agreement (Exh. 5), Open Sky's Operating Agreement (Exh. 6), which by its terms is

---

[2] These exhibits are attached to Defendants' Notice of Removal as Exhibits B, C, G, K, L, N, P, Q, and R.

confidential (*id*., Sec. 15.8), documents relating to the purported transfer of equity to Plaintiff (Exh. 7-8), and the April 7, 2022 letter (Exh. 9). The remaining documents (the "Additional Documents")[3] are a hodge-podge of miscellaneous documents that are not referenced in the Complaint and appear to have simply been filed contemporaneously. The Additional Documents consist of inadmissible settlement communications, speculative financial assessments of Open Sky, unsworn statements and purported transcripts of recordings, attorney submissions to the EEOC, hearsay, and other items that have little to no value in stating a claim for relief in an introductory pleading.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *JetAway Aviation, LLC v. Bd. of Cty. Com'rs of Cty. Of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (citations omitted). Courts may "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)) (internal quotation marks omitted). A party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to records that inform the Court's decision-making process. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (quoting *Helm*, 656 F.3d at 1292) (internal quotation marks omitted).

---

[3] The Additional Documents are attached to Defendant's Notice of Removal as Exhibits D, E, F, H, I, J, M, and O.

## ARGUMENT

**I. Because this Case Can Be Resolved on Other Grounds, All of the Exhibits Should be Restricted.**

As noted above, the parties have a settlement resolving these claims, which Defendants will seek to enforce. A material consideration in Defendants' decision to enter into the settlement was the opportunity to keep the information contained in the exhibits private and confidential. Thus, keeping the exhibits under seal until the settlement issue is resolved maintains the status quo of the parties as it existed before the filing of the Complaint and allows Defendants to keep a significant benefit of the settlement, which will be lost if the exhibits become available to the public; no alternative, such as redaction, will suffice to protect Defendants' interests in this regard. By contrast, there is little public interest in these exhibits insofar as they relate to claims that may end up being dismissed on grounds unrelated to the allegations in the Complaint or the exhibits. *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. Mar. 10, 2009) (presumption favoring access extends only to materials on which a court relies in determining the litigants' substantive rights). For this reason alone, all of the exhibits should be kept under restrictions.

**II. The Referenced Exhibits Should be Kept Sealed.**

In addition, Defendants request that the Referenced Exhibits remain under seal to protect Defendants from disclosure of confidential business information and inadmissible settlement offers. For example, Exhibit 5 (proffered separation agreement) reflects Open Sky's offer to compromise Plaintiff's claims. It is inadmissible under F.R.E. 408 to prove liability, which is the

purpose for which Plaintiff has attached it to the Complaint.[4] The stated purpose of this rule is to encourage settlement. *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991); *City of Aurora v. ACJ P'ship,* 209 P.3d 1076, 1088 (Colo. 2009) ("Few would be open to compromise if the very attempt at compromise would prejudice one's position."). Defendants have a significant privacy interest in maintaining the confidentiality of their prior efforts to reach resolution with Plaintiff, whereas there is little to no public interest in the disclosure of an inadmissible proffered settlement agreement. *See United States v. McVeigh*, 119 F.3d 806, 813 (10th Cir. 1997) (upholding the trial court's order sealing evidence ruled to be inadmissible because exposing the evidence to the public, as well as potential jurors, would play a negative role in the functioning of the judicial process).

Open Sky also has strong privacy interests in its confidential business documents and information, including its operating agreement and equity documents. Courts frequently restrict public access to a party's confidential financial and business information. *See, e.g., Suture Express, Inc. v. Owens & Minor Distrib., Inc.*, 851 F.3d 1029, 1046-47 (10th Cir. 2017) (granting parties' motions to seal over twenty volumes of the joint appendix, reasoning the appendix "contains confidential documents, financial information, and contracts, the confidential nature of which outweighs the public's right of access"). As noted above, the Operating Agreement specifically provides that its terms (and other information regarding Open Sky)

---

[4] Moreover, this exhibit is offered in support of Claim 5 of Plaintiff's Complaint, which purports to assert a claim for bad faith in offering a settlement. Colorado law recognizes the existence of an implied covenant of good faith and fair dealing, which attaches to executed contracts between parties. *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995) ("Colorado, like the majority of jurisdictions, recognizes that every contract contains an implied duty of good faith and fair dealing."). However, there is no authority supporting an implied duty of good faith and fair dealing relating to contract negotiations. *See, e.g., Local Prod. of Colo., LLC v. Payco Images I*, LLC, 2018 Colo. Dist. LEXIS 1964, *12.

should be held in strict confidence.[5]  *See* Compl., Exh. 6, Operating Agr., Sec. 15.8.  Similarly, the other financial agreements contain materials that were not disseminated to the public; rather, they were relegated to qualified individuals within the company.  Because Plaintiff's allegations in the Complaint will remain accessible, the public disclosure of Open Sky's confidential business information does not appreciably increase the public's understanding of the issues in this action.  Therefore, in balancing the public's right of access against Open Sky's competing interests, the information should be sealed.

### III.  The Additional Documents Should be Sealed Because They Are Immaterial.

Next, the Additional Documents should be kept sealed because they are extraneous to Plaintiff's Complaint[6], and their disclosure will prejudice Defendants.  Under Federal Rule of Civil Procedure 8, the contents of a complaint must include:

> (1)  a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.

*See* Fed. R. Civ. P. 8.  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  The purpose behind Rule 8 "is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint . . ."  *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).  Fed. R. Civ. P. 8(d)(1) specifically mandates that each averment of a pleading "must be simple, concise, and direct."  Accordingly, where the complaint

---

[5] Plaintiff claims to be an equity owner of Open Sky; in that case, he is subject to the operating agreement and should be required to comply with its confidentiality requirements.

[6] To be clear, because the time for Defendants to file a responsive pleading has not yet arrived, Defendants do not in this motion seek to strike these exhibits under Fed. R. Civ. P. 12(f) but do not waive their right to do so.

provides a "generalized summary of the case that affords fair notice" to the defendant of the claims that will be at issue in the case, the complaint will be sufficient under the Federal Rules of Civil Procedure. *See Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (citing 2 Moore's Federal Practice - Civil § 8.09 (2022)).

The Additional Documents were not included by Plaintiff's attorney as exhibits to the Complaint and are not specifically referenced therein. Plaintiff, now acting *pro se*, has apparently included them with his attorney-drafted pleading in an effort to unnecessarily bolster his claims or otherwise create some form of embarrassment. However, Plaintiff's Complaint does not require consideration of the additional exhibits. "The purpose of the complaint is not to prove a plaintiff's case, but to state a clear, plausible claim for relief which places defendant on notice." *Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2015 U.S. Dist. LEXIS 162977, at *5 (D. Kan. Dec. 4, 2015) (striking extraneous additional exhibits). The factual averments in the Complaint meet the minimal pleading standards of Rule 8, and no more is needed. Indeed, after engaging in negotiations with Plaintiff's then-attorneys, which involved receiving a copy of the Complaint prior to its filing, and participating in a multi-day mediation, Defendants are well aware of the claims and relief sought by Plaintiff in this litigation.

In addition, allowing public disclosure of the Additional Documents will result in significant prejudice to Defendants. The Additional Documents contain inadmissible settlement communications, administrative materials, speculative assessments of Open Sky's financial condition, and other materials that are likely inadmissible or of scant relevance to the asserted

claims[7]. Allowing this information to be available to the public and potential jurors could prejudice the Defendants by disseminating information that could taint an ultimate jury trial, should this case proceed to trial. *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010) ("The paramount interest justifying limitations on the general rule of access is preservation of a party's right to a fair trial."). In addition, because these materials are not specifically referenced in the Complaint, and may or may not be "instruments" under Rule 10, it is unclear whether and how Defendants can respond to the allegations contained therein. *Allen v. Wal-Mart Stores, Inc.*, Civil Action No. 19-cv-03594-KLM, 2020 U.S. Dist. LEXIS 97803, at *6 (D. Colo. June 3, 2020) (finding that defendants would be prejudiced if purported exhibit was not stricken because allegations contained therein would remain unanswered). Finally, because these materials are extraneous to the allegations in the Complaint, they are unlikely to be used in any determination of the parties' substantive rights. Therefore, the presumption of public access is diminished.

Because these documents are unnecessary to satisfy Plaintiff's pleading burden and are unlikely to be considered in any judicial determination of the parties' substantive rights, there is little public interest in their disclosure. By contrast, Defendants have significant privacy and other interests in this information, disclosure of which could prejudice Defendants. Therefore, the Additional Documents LAO should be maintained under filing restrictions.

## CONCLUSION

Defendants respectfully requests that the Court grant this Motion and maintain the

---

[7] For example, these documents include unsworn statements and transcripts, a purported valuation of his equity, and other items that are hearsay and otherwise likely are inadmissible.

exhibits to Plaintiff's Complaint under Level 1 filing restrictions.

| | |
|---|---|
| Dated: February 22, 2023 | DAVIS GRAHAM & STUBBS LLP |
| | |
| | *s/ Brett C. Painter* |
| | Brett C. Painter |
| | Nathalie Bleuzé |
| | DAVIS GRAHAM & STUBBS LLP |
| | 1550 17th Street, Suite 500 |
| | Denver, Colorado 80202 |
| | Telephone:  303.892.9400 |
| | Facsimile: 303.893.1379 |
| | Email:  brett.painter@dgslaw.com |
| | nathalie.bleuze@dgslaw.com |
| | |
| | *Attorneys for ACF Enterprises d/b/a Open Sky Wilderness Therapy and Aaron Fernandes* |

## CERTIFICATE OF SERVICE

   I hereby certify that on February 22, 2023, I served the foregoing **DEFENDANTS' MOTION TO MAINTAIN EXHIBITS ATTACHED TO PLAINTIFF'S COMPLAINT UNDER FILING RESTRICTIONS** by U.S. Mail on the following:

Norman Elizondo
180 Metz Lane, #1304
Durango, CO 81301
indirascoville@gmail.com

                *s/ Pamela Thede*
                Pamela Thede